IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah F. Doctor,<br><br>            Plaintiff,<br><br>vs.<br><br>R. James Nicholson, Secretary of the Department of Veteran Affairs,<br><br>            Defendant. | No. CV 06-76-TUC-FRZ (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion for Default Judgment.  For the following reasons, the Magistrate Judge recommends that the District Court deny Plaintiff's Motion.

**I.     DISCUSSION**

On February 17, 2006, Plaintiff, who is proceeding *pro se*, filed the instant action pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff asserts that on February 17, 2006, she served Defendant Nicholson with a copy of the summons and Complaint. (Motion for Default Judgment, p. 2 & Ex. 1)  The Certificate of Service reflects that the documents were signed for on March 2, 2006.  (Motion, Ex. 3) Defendant Nicholson has not answered or otherwise responded to the Complaint.

Rule 4(i) of the Federal Rules of Civil Procedure governs service upon "the United States, its agencies, corporations, officers, or employees." Pursuant to Rule 4(i):

> (1) Service upon the United States shall be effected
>> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>>
>> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>>
>> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.
>> (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).
>
> (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>> (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or
>>
>> (B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity

Fed.R.Civ.P. 4(i). Additionally, Federal Rule of Civil Procedure 4(l) provides that "[i]f service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof."

"[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) *See also King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)(*"[p]ro se* litigants

must follow the same rules of procedure that govern other litigants") Because the record supports the conclusion that Defendant was not served as required by Rule 4(i) of the Federal Rules of Civil Procedure, Plaintiff's Motion for Default Judgment should be denied.  Given Plaintiff's *pro se* status, the Magistrate Judge recommends that Plaintiff be granted an extension of time to cure the deficiency in service herein.

Plaintiff's Motion is also defective under Rule 55 of the Federal Rules of Civil Procedure, which governs default. Rule 55 sets out a two-step process to secure a default judgment.  First, the plaintiff must seek an entry of default under Rule 55(a).  Once default is entered, the plaintiff then may seek a default judgment.  *See* Fed.R.Civ.P. 55(b)(1) and (2). Thus, Plaintiff's Motion for Default Judgment is premature given that she did not first seek entry of default.  Further, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."  Fed.R.Civ.P. 55(e).  Plaintiff's Motion does not comply with Rule 55.

## II.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Plaintiff's Motion for Default Judgment (Doc. No. 6).  The Magistrate Judge further recommends that the District Court grant Plaintiff additional time to effect service pursuant to Rule 4(i) of the Federal Rules of Civil Procedure and to submit  proof of service pursuant to Rule 4(l) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 06-76-TUC-FRZ.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 3rd day of November, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge