IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah F. Doctor,<br><br>   Plaintiff,<br><br>vs.<br><br>R. James Nicholson, Secretary, Department of Veteran's Affairs,<br><br>   Defendant. | No. CV 06-76-TUC-FRZ (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 36).  For the following reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, acting *pro se,* filed the instant action alleging employment discrimination. On March 6, 2007, the parties appeared telephonically for a scheduling conference.  On that same date, the Court entered a Scheduling Order requiring in part that the parties provide "[a]ll Initial Disclosures as defined in Federal Rule of Civil Procedure 26(a)...no later than March 16, 2007."  (March 6, 2007 Scheduling Order, ¶B (Doc. No. 19) (hereinafter

"Scheduling Order")) (emphasis in original) The Court also advised the parties of the procedures for addressing discovery disputes[1] and requests for extensions. (*See Id.* at ¶¶ G, H) Additionally, the parties were advised that they must comply with the Federal Rules of Civil Procedure and the Rules of Practice of the U.S. District Court for the District of Arizona. (*Id.* at ¶P)

On March 13, 2007, Defendant filed a Notice of Initial Disclosure indicating that he had served Plaintiff with his initial disclosure. (Doc. No. 20)

On June 11, 2007, Defendant filed a Notice of Deposition indicating that Plaintiff's deposition was set for July 5, 2007. (Doc. No. 27)

On July 3, 2007, Defendant filed a Notice of Cancellation of Plaintiff's July 5, 2007 deposition because "Plaintiff has not provided initial disclosure nor responses to outstanding discovery." (Doc. No. 30) On July 3, 2007, counsel for Defendant contacted the Court telephonically pursuant to paragraph H of the Scheduling Order. Counsel stated that Plaintiff's deposition was set for July 5, 2007, however, counsel was unable to proceed with the deposition because Plaintiff had failed to timely respond to Defendant's outstanding discovery requests and because Plaintiff had not complied with the Court's orders to provide initial disclosure. On July 3, 2007, the Court held a telephonic conference with both parties "regarding the status of Defendant's outstanding discovery requests, Defendant's inability to proceed with Plaintiff's deposition scheduled for July 5, 2007 without the responses to the requested discovery, and pending deadlines." (July 6, 2007 Order (Doc. No. 31), p.1) In light of the representations of the parties made at the telephonic conference, the Court amended the Scheduling Order. The Court specifically ordered Plaintiff to: 1) answer Defendant's First Set of Non-Uniform Interrogatories by July 31, 2007; 2) respond to Defendant's

---

[1]With regard to discovery disputes, the parties were advised in pertinent part that " [i]f any discovery disputes arise which cannot be resolved by the parties, the parties shall notify the Court by telephone at (520) 205-4600. The Court will resolve the problem by scheduling a telephonic conference or by having the parties file motions." (Scheduling Order, ¶H)

Request for Production of documents by July 31, 2007; and 3) make initial disclosure "as defined in Rule 26(a) of the Federal Rules of Civil Procedure" by July 31, 2007. (Id. at p.2) The Court also extended the discovery deadline from July 9, 2007 to September 7, 2007 and reset other deadlines as well. (Id.) Plaintiff was advised that failure to comply with the Court's orders may result in sanctions, including dismissal. (Id.)

Plaintiff's deposition occurred on August 14, 2007. (Defendant's Reply (Doc. No. 45) p. 1) Defense counsel advised Plaintiff that Plaintiff's initial disclosures were still outstanding and informed Plaintiff that a motion to dismiss would be filed if Plaintiff did not make initial disclosures within five days. (Id., Ex. 1)

On August 28, 2007, Defendant filed the instant Motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure seeking dismissal of Plaintiff's action for failure to prosecute, failure to follow the rules of procedure, and failure to comply with the Court's orders. (Doc. No. 36)

On August 30, 2007, the Court granted Defendant's Motion to Extend deadlines. (Doc. No. 38) In addition to other deadlines, the fact witness list deadline was extended to October 16, 2007, discovery was extended to November 7, 2007, and the dispositive motion deadline was extended to December 8, 2007. (Id.)

As of November 27, 2007, Plaintiff had not provided Defendant with initial disclosure. (*See* Defendant's Reply to Plaintiff's Answer and Objection to Defendant's Motion to Preclude Witnesses (Doc. No. 54), p. 1)

**II.    DISCUSSION:**

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan,* 779 F.2d 1421, 1423(9th Cir. 1986). Therefore, when determining whether to dismiss a claim for failure to comply with a court order, the court must weigh the following factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendant; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.;*

*Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal...or where at least three factors 'strongly' support dismissal.'" *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999) *(quoting Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).

  A. Interest in expeditious resolution of litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Plaintiff's failure to comply with the Court-ordered deadline for providing the required disclosure results in unnecessary extension of this litigation. Any untimely disclosure by Plaintiff at this point would essentially require extension of the now-expired discovery deadline in addition to other deadlines so as to give Defendant the opportunity to explore that information. This factor strongly favors dismissal.

  B. Docket management

The trial court is in the best position to decide when delay in a particular case interferes with docket management and the public interest. *Yourish,* 191 F.3d at 990; *Pagtalunan,* 291 F.3d at 642. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff.]" *Pagtalunan,* 291 F.3d at 642. To that end, this Court advised the parties that deadlines set in this action were "critical to [the Court's]...case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure." (Scheduling Order, ¶P)

Plaintiff's failure to make the required disclosure interferes with the Court's case management responsibilities and results in Plaintiff controlling the pace of the docket rather than the Court. *See Yourish,* 191 F.3d at 990. Plaintiff's disregard of the Court-ordered deadline for providing initial disclosure has not only controlled the pace of the instant litigation but has also "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Pagtalunan,* 291 F.3d at 642. *See also Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (the court's interest in docket control "strongly support[ed]" dismissal where, *inter alia,* the plaintiff's failure to comply with the court's order

"consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket.") This factor strongly favors dismissal.

### C. Risk of prejudice to Defendant

"[T]he risk of prejudice to the defendant is related" to the strength of the plaintiff's excuse for the default. *Yourish,* 191 F.3d at 991. *See also Pagtalunan,* 291 F.3d at 643 (same). The Ninth Circuit has found that a "paltry excuse for" the plaintiff's non-compliance with the court's order constitutes sufficient evidence to weigh strongly in favor of dismissal. *Yourish,* 191 F.3d at 991 (also noting that the plaintiff provided "a very poor reason" for failure to follow the court's order) Moreover, where the issue involves disregard of "deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative." *Henderson*, 779 F.2d at 1425.

Plaintiff argues that she has had difficulty obtaining tax information requested by Defendant and that she has now requested same from the IRS; that she should have until the November 7, 2007 discovery deadline to provide the initial disclosure and other outstanding responses to Defendant's discovery requests; Defendant has not complied with Plaintiff's outstanding discovery requests; and she has been working 12-hour shifts. Plaintiff's arguments do little to justify her non-compliance with this Court's order that she comply with the initial disclosure requirement by a set deadline.

Plaintiffs comments concerning her tax information address her failure to comply with Defendant's Request for Production.[2] Defendant does not seek dismissal for Plaintiff's partial failure to respond to his Request for Production regarding Plaintiff's tax records.

---

[2]Although Plaintiff indicates that her delay in disclosing tax information requested by Defendant is in part due to delay from having to request same from the IRS, Plaintiff has never abided by this Court's Scheduling Order or rules regarding requesting extensions of deadlines for responding to Defendant's request for production of such document. Nor has she sought extension of the deadline to make initial disclosure required by Rule 26(a).

Instead, Defendant seeks dismissal for Plaintiff's failure to comply with the deadline set by this Court for meeting the initial disclosure requirement set out in Rule 26(a) of the Federal Rules of Civil Procedure.[3] Plaintiff is correct that the deadline for discovery was extended from September 7, 2007 to November 7, 2007. (August 30, 2007 Order (Doc. No. 38)) However, that deadline was extended after Defendant filed the instant Motion to Dismiss for Plaintiff's failure to comply with the Court's Order to submit initial disclosure and did not in any way exempt Plaintiff from the Court's explicit Order requiring Plaintiff to submit initial disclosure by July 31, 2007. Moreover, the November 7, 2007 discovery deadline has passed and Plaintiff has not made the disclosure. Nor does the fact that Plaintiff was awaiting Defendant's responses to discovery requests excuse Plaintiff's failure to comply with the Court's Order. Defendant maintains that Plaintiff had not received his responses because they were not yet due and that he timely mailed the responses subsequent to the filing of Plaintiff's Response to the instant Motion. (Defendant's Reply, p.2 n.1 (Doc. No. 45)) The record also reflects that Plaintiff served her discovery requests after expiration of the deadline for her submission of initial disclosure. (Plaintiff's August 22, 2007 First Set of Non-uniform Interrogatories and Request for Production (Doc. No. 35)) Thus, it is unclear on the instant record how Defendant's alleged failure to respond to Plaintiff's discovery requests would have affected or did in fact affect Plaintiff's ability to comply with the Court's Order that she provide initial disclosure by July 31, 2007. Even if the record supported the allegation that Defendant in fact failed to respond to Plaintiff's discovery requests, the Scheduling Order set out the proper procedure to follow in the event of a

---

[3]Generally, Rule 26(a) requires a party, "without awaiting a discovery request," to provide other parties with: names, addresses, and telephone numbers of individuals likely to have discoverable information that the disclosing party may use to support her claim; copies or descriptions of documents, electronic information, or tangible objects that are in the disclosing party's possession or control which that party may use to support her claims; and a computation of damages while making available for inspection the documents upon which such computation is based. Fed.R.Civ.P. 26(a)(1)(A)-(D).

discovery dispute and in the event that an extension of the Court-ordered deadlines was necessary. Plaintiff did not follow that procedure. Instead, she opted not to comply with the Court-ordered deadline.

Finally, that Plaintiff has been working long hours, on this record, does not alone excuse her failure to comply with the Court's Order. Plaintiff's proffered reasons, considered alone or together, do not in any way excuse her failure to comply with the Court-ordered deadline for submitting initial disclosure. Under the instant circumstances, Plaintiff's failure to provide a justifiable explanation for her failure to comply with the Court's order constitutes "sufficient prejudice to Defendant[]...that this factor also strongly favors dismissal." *Yourish,* 191 F.3d at 992.

### D.     Availability of Less Drastic Alternatives

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson,* 779 F.2d at 1424 (citation omitted). On July 3, 2007 the Court held a telephonic conference concerning Plaintiff's failure to comply with the Court-ordered deadline to make initial disclosure in addition to her failure to timely respond to Defendant's discovery requests. On that same date, the Court extended the time for Plaintiff to comply with the initial disclosure requirement of Rule 26(a). That extension was a less drastic alternative to dismissal. *See Id.* (recognizing "as a constructive intermediate step in dealing with dilatory practices" the fact that the district court held a status conference, established a schedule in an attempt to ameliorate the party's noncompliance, and warned of the consequences for failure to comply). Plaintiff still has not complied with the Court's order that she submit initial disclosure pursuant to Rule 26(a). Plaintiff's continued lack of compliance supports the conclusion that less drastic alternatives to dismissal are not feasible. Given Plaintiff's failure to comply with the Court's previous implementation of a less drastic sanction, this factor also weighs strongly in favor of dismissal. *See id.*

### E. Public policy favoring disposition of cases on their merits

Plaintiff stresses that her case has merit and she should "be allowed her day in Court." (Plaintiff's Response, p.1 (Doc. No. 44))  "Public policy favors disposition of cases on the merits. Thus, this factor weights against dismissal." *Pagtalunan,* 291 F.3d at 643.

## III. CONCLUSION

The only factor weighing against dismissal, public policy favoring disposition on the merits, is outweighed by the four other factors for consideration which strongly favor dismissal. The Court is not unsympathetic to Plaintiff's *pro se* status. Nonetheless, it is well-settled that *"[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (recognizing that "pro se litigants are bound by the rules of procedure" when affirming dismissal of case for failure to comply with local rule under same factors considered herein). Nor is the Court unsympathetic to Plaintiff's desire to have her case resolved on the merits. To that end, the Court set deadlines to govern the prompt resolution of this action including a specific deadline for Plaintiff to submit initial disclosure pursuant to Fed.R.Civ.P. 26(a), advised the parties of the procedure for requesting extensions of such deadlines, held a telephonic conference when Plaintiff failed to meet the initial disclosure deadline, extended that deadline solely to provide Plaintiff the opportunity to comply, and warned Plaintiff of the consequences of her failure to comply.  Plaintiff disregarded the Court's schedule which would have allowed her to have "her day in court."  Plaintiff's conduct has brought the parties and the Court to this point in the litigation where the Court must weigh the above-stated factors to determine whether dismissal is appropriate. Because four of the five factors for consideration strongly favor dismissal, Defendant's Motion to Dismiss should be granted. *See e.g. Yourish,* 191 F.3d at 990 ("We may affirm a dismissal where at least four factors support dismissal...or where at least three factors strongly support dismissal.") (internal quotation marks & citation omitted).

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion to Dismiss (Doc. No. 36) and dismiss this action.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 4th day of December, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge